UNITED STATES of America,
Plaintiff-Appellee,

v.

David M. TREATMAN d/b/a East-West
Distributors, et al., Defendant-
Appellant.

No. 71-1511.

United States Court of Appeals,
Sixth Circuit.

Jan. 12, 1972.

Joseph A. Taback, Beverly Hills, Cal., for defendant-appellant; Gold, Herscher & Taback, Beverly Hills, Cal., Brooks, Sullivan & Molloy, by Arthur L. Brooks, Jr., Lexington, Ky., on brief.

Donald B. Nicholson, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellee; Eugene E. Siler, U. S. Atty., James F. Cook, Asst. U. S. Atty., Lexington, Ky., on brief.

Before PECK, McCREE and BROOKS, Circuit Judges.

PER CURIAM.

The defendant-appellant was convicted under 12 counts of a 13-count indictment returned under 18 U.S.C. § 1461 charging the mailing of advertisements giving information as to how obscene material might be obtained and for the mailing of such obscene material. This appeal was perfected from the judgment of conviction, which followed jury verdict.

Prior to trial, the parties stipulated that appellant was the person responsible for depositing the materials in question in the United States mails and that he was aware of the nature of the materials. The question presented for jury determination was whether the materials were in fact obscene within the meaning of Section 1461.

The materials which form the basis of the conviction consist of photographs, both in the form of glossy prints and photographs reproduced by publication, 8-millimeter motion picture films and a limited quantity of text material, none of which can be classified as "hard core pornography" by whatever definition. Suffice it for present purposes to say that the most questionable of the material received in evidence is of the precise nature, although if anything less offensive (if a comparative in that regard is permissible), as that described in the partial dissent in Dykema v. Bloss, 17 Mich.App. 318, 342–343, 169 N.W.2d 367 (1969). In *Bloss,* municipal authorities sought to restrain the "further sale, distribution and acquisition or possession for sale of certain allegedly obscene booklets or magazines," and the court of appeals sustained the issuance of the injunction, granted on the finding of the trial court that "all the booklets and magazines in question [are] obscene." The majority opinion, dissenting opinion and an opinion concurring in part and dissenting in part combine to review applicable precedent, including Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967). However, on appeal the Supreme Court in a single sentence per curiam opinion granted a writ of certiorari and reversed the judg-

ment of the Michigan Court of Appeals in *Bloss*, citing only *Redrup*. It cannot seriously be here argued that the Government presented any stronger case than did the plaintiff in *Bloss* and in view of the reversal thereof by the Supreme Court we conclude that we have no alternative but to reverse the judgment of the District Court and to remand with instruction to enter final judgment in favor of the defendant-appellant.